UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| JERMAINE FORD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 1:19-cv-03972-JPH-DML | |
| | ) | | |
| MYERS Sheriff, | ) | | |
| YELLY Deputy, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**Entry Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Jermaine Ford, at relevant times a pretrial detainee at the Bartholomew County Jail, filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Ford is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Ford are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names two defendants: (1) Sheriff Matt Myers, and (2) Deputy Yelly.

Mr. Ford alleges that on or around June 1, 2019, Officer Yelly came to his cell to search for contraband and to remove Mr. Ford's cellmate Bradley McCrae. Mr. McCrae was being removed from the cell for assaulting a correctional officer and defecating in the shower and on the floor of the cell. Deputy Yelly placed Mr. Ford's commissary items on the floor, causing them to be contaminated by feces. Mr. Ford lost about $200 worth of commissary items as a result. Despite being aware of the feces, Deputy Yelly did not provide Mr. Ford with any cleaning supplies to clean the cell. Mr. Ford was forced to remain in the dirty cell until the following day. Mr. Ford alleges that Deputy Yelly's actions related to the soiled cell demonstrated deliberate indifference, an equal protection violation, and a violation of due process.

Mr. Ford alleges that Sheriff Matt Myers exhibited "deliberate indifference to the obvious need for training and having an unconstitutional policy that was a direct injury to the plaintiff by Deputy Yelly from a failure to train." Dkt. 1 at 4. Mr. Ford does not include any facts describing Mr. Myers' involvement in causing Mr. Ford to remain in the soiled cell.

Mr. Ford seeks compensatory damages and injunctive relief in the form of replacement of his commissary items.

## III. Discussion of Claims

A prisoner states a claim that prison conditions violate his Eighth Amendment rights where he can demonstrate that prison officials were deliberately indifferent to conditions that deny the

plaintiff "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Morris v. Ley*, 331 Fed. Appx. 417, 420 (7th Cir. 2009) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)). Prison officials violate their constitutional responsibility to provide inmates with the minimal necessities of life when they disregard over a significant period an inmate's request to be relieved from exposure to human feces. *See Cobian v. McLaughlin*, 717 F. App'x 605, 611 (7th Cir. 2017) (citing *Vinning-El v. Long*, 482 F.3d 923, 923–24 (7th Cir. 2007) (reversing an entry of summary judgment for prison guards where the inmate spent six days in a cell with blood and feces on the walls without running water or sanitation supplies); *Johnson v. Pelker*, 891 F.2d 136, 139–40 (7th Cir. 1989) (reversing an entry of summary judgment for a prison guard who denied the prisoner's requests for cleaning supplies and the prisoner spent three days in a cell with feces smeared on the walls). Although Mr. Ford's time in the contaminated cell was not as long as the plaintiffs' time in the aforementioned cases, he has pled sufficient facts to avoid dismissal at this stage. *See Johnson*, 891 F.2d at 140 (noting there was insufficient factual development about the conditions of the cell to grant summary judgment).

Mr. Ford's deliberate indifference and due process claims against Deputy Yelly **shall proceed** as a claim that Deputy Yelly violated Mr. Ford's rights under the Fourteenth Amendment. This is because Mr. Ford's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, ⸺ U.S. ⸺, 135 S. Ct. 2466, 2475 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018) (applying objective unreasonableness inquiry to pretrial detainee's medical care claim).

Mr. Ford's equal protection claim is **dismissed**. Mr. Ford includes no factual allegation to support an equal protection claim. "A pleading that offers labels and conclusion" or only "naked assertion[s] devoid of further factual enhancement" is insufficient to state a claim; "mere conclusory statements [] do not suffice." *Iqbal*, 556 U.S. at 678.

Any claim against Sheriff Myers is **dismissed**. Mr. Ford's only allegation against Sheriff Myers is that his injuries are the result of Myers's failure to train Deputy Yelly and an unexplained "unconstitutional policy that was a direct injury to the plaintiff." But "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (citations omitted). And although "[s]upervisors may be liable under § 1983 for a failure to train, … the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must [allege] that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Such factual allegations are absent from the complaint.

Mr. Ford's request for injunctive relief requesting that the jail replace his commissary items is **dismissed** because Mr. Ford is no longer incarcerated at the Bartholomew County Jail.

This summary of claims includes all claims identified by the Court. If Mr. Ford believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 12, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendant Deputy Yelly in the manner specified by Rule 4(d) and to **terminate** Sheriff Myers as a defendant. Process shall consist of the complaint filed on September 19, 2019, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 5/14/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JERMAINE FORD
185444
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Deputy Yelly
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201